IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



SUSAN R. CARR,

    Plaintiff;

v.

Case No. 2:14CV609

REST INN, INC.,

    Serve:    Malti Patel
                Registered Agent
                3345 South Military Highway
                Chesapeake, VA 23323

MALTI PATEL,

    Serve:    Malti Patel
                3345 South Military Highway
                Chesapeake, VA 23323

and

DILIP PATEL

    Serve:    Dilip Patel
                3345 South Military Highway
                Chesapeake, VA 23323

## COMPLAINT

The Plaintiff, Susan R. Carr ("Plaintiff"), by counsel, files this Complaint against the Defendants Rest Inn, Inc., Malti Patel and Dilip Patel (collectively, "Defendants"), on the following grounds.

## Introduction

1. This is a civil action for unpaid overtime and miminum wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").

## Parties

2. The Plaintiff, Susan R. Carr, is an adult individual currently residing in Maryland. Plaintiff is a former employee of the Defendants, within the meaning of the FLSA, 29 USC § 203.

3. Defendant Rest Inn, Inc. is a Virginia corporation which is in the business of operating a hotel under the name "Sunset Manor Motel" in Chesapeake, Virginia.

4. Rest Inn, Inc. is engaged in commerce and is in the business of operating a motel which accepts guests from out of state. On information and belief, Rest Inn, Inc. had an annual gross volume of sales or business done in excess of $500,000.00. Rest Inn, Inc. was the employer of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203

4. Malti Patel and Dilip Patel are adult individuals (collectively, the "Patels"). The Patels are husband and wife, and on information and belief, are the sole shareholders, officers and directors of Defendant Rest Inn, Inc. At all relevant times, the Patels exercised operational control over the Rest Inn, Inc. and were responsible for its day-to-day operations. The Patels, jointly and severally, exercised direct control over the terms and conditions of the Plaintiff's employment by the Rest Inn, Inc., including the power to hire or fire the Plaintiff, set her schedule, and determine her wages and other compensation.

5. The Patels were, jointly and severally, employers of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

## Jurisdiction and Venue

6. This Court has jurisdiction under 28 U.S.C. § 1331 because the claims stated in this Complaint arise under the laws of the United States.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) and Local Rule 3(C) because a substantial part of the events and omissions giving rise to the claims in this case occurred on the grounds of the Sunset Manor Motel in Chesapeake, Virginia.

8. The Plaintiff has consented in writing to the filing of this Complaint as required by 29 U.S.C. § 216(b). The Plaintiff's written consent is attached as Exhibit A.

## Factual Background

9. The Plaintiff began her employment with the Defendants on or about July 1, 2010. She left her employment on or about May 31, 2014.

10. The Plaintiff was hired to be the manager for the Sunset Manor Motel. As the manager, the Plaintiff was *always on duty*. Her duties included, but were not limited to, manning the front desk, checking guests in and out, answering phones, and responding to guest issues at any hour of the day, room inspections, laundry and cleaning.

11. As part of her job, the Plaintiff was required to live on-site at the Sunset Manor Motel. For the convenience of the Defendants, she was given a room connected to the front desk area of the Motel where she lived with her children.

12. Because of her job duties, she was rarely allowed to leave the motel. She left the premises for no more than a few hours per week.

13. Beginning in November, 2010, the Plaintiff was paid for 38 hours every two weeks at the rate of $7.25 per hour. Her total pay for each two week period, before taxes

and other withholdings, was $275.50.

14. In January, 2013 the Plaintiffs pay was increased to 38.35 hours every two weeks, at the rate of $7.25 per hour. Her total pay for each two week period increased to $279.73 for each two week period, before taxes and other withholdings.

15. Due to living on site at the motel and due to always being on duty, the Plaintiff routinely worked far more than 38 hours every two weeks. In fact, she routinely worked more than 40 hours in a single week, and on many occasions worked as much as *20 hours per day*.

16. The Defendants knew of, or showed reckless disregard for, the requirements of the FLSA, including the requirement that the Plaintiff be paid at least minimum wage for every hour worked, and that the Plaintiff be paid overtime for each hour worked over 40 per week.

17. The Defendants did not maintain current copies of the statutorily required notices regarding the FLSA.

18. The Defendants not only knew that the Plaintiff worked more than 38 hours every two weeks, but required her to work excess hours every day.

19. The Defendants' failure to pay the Plaintiff at least minimum wage and to pay overtime was wilfull, deliberate and with knowledge that the Plaintiff was working more than 40 hours per week without receiving proper compensation.

### Count I - Violation of FLSA, Minimum Wage

20. Paragraphs 1-19 are incorporated herein by reference.

21. The Defendants violated the minimum wage requirements of the FLSA by failing to pay the Plaintiff at least minimum wage for each hour she worked.

22. The Plaintiff is entitled to be paid minimum wage for each hour she worked for the Defendants for the three years prior to the date of this Complaint, plus an equal amount in liquidated damages plus other amounts allowed by law.

### Count II - Violation of FLSA, Overtime

23. Paragraphs 1-22 are incorporated herein by reference.

24. The Defendants violated the overtime pay requirements of the FLSA by failing to pay the Plaintiff an overtime premium for for each hour she worked in excess of forty hours per week.

22. The Plaintiff is entitled to her unpaid overtime pay premium for each hour she worked for the Defendants in excess of forty hours per week for the three years prior to the date of this Complaint, plus an equal amount in liquidated damages plus other amounts allowed by law.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, and requests relief as follows:

A. Unpaid minimum wage for the three years prior to the date of this Complaint in an amount which may exceed $112,152.03.

B. Liquidated damages as provided for by 29 U.S.C. § 216(b) for unpaid minimum wage in the amount of $112,152.03.

C. Unpaid overtime for the three years prior to the date of this Complaint in an amount which may exceed $46,400.00.

D. Liquidated damages as provided for by 29 U.S.C. § 216(b) for unpaid overtime in the amount of $46,400.00.

E. Attorney's fees and costs, as provided for by 29 U.S.C. § 216(b) in an amount

to be determined at the conclusion of this case.

    F.    Such other relief as the nature o this case may require.

**THE PLAINTIFF DEMANDS A JURY TRIAL.**

                                SUSAN R. CARR

                              By: _____
                                        **Counsel**

Andrew M. Hendrick, Esq. (VSB # 42852)
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
317 30th Street
Virginia Beach, VA 23451
757-671-6012
757-671-6004 (fax)
ahendrick@srgslaw.com
*Counsel for the Plaintiff*