UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SUSAN CARR, )
 )
   Plaintiff, )
 )
v. ) Case No.: 2:14-cv-609
 )
REST INN, INC., *et al.*, )
 )
   Defendants. )
 )

FILED
SEP - 3 2015
CLERK, US DISTRICT COURT
NORFOLK, VA

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Settlement Approval filed on August 21, 2015, ECF No. 18, and Memorandum in Support, ECF No. 19. The Court conducted a hearing on the Joint Motion on August 31, 2015. Thereat, Mr. Andrew Hendrick appeared on behalf of the Plaintiff Susan Carr ("Ms. Carr"), and Mr. Todd Gaynor appeared on behalf of the Defendants Rest Inn, Inc., Malti Patel and Dilip Patel ("Defendants"). After considering the pleadings, and the proffer and arguments of counsel, the Court **GRANTS** the parties' Joint Motion, ECF No. 18.

### I. Procedural and Factual History

This action was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. on November 28, 2014. Therein, Ms. Carr demanded $158,552 for three years of claimed unpaid minimum wage and overtime pay, plus a like amount in liquidated damages as provided by 29 U.S.C. § 216(b), and reasonable attorneys' fees. Defendants answered and asserted several affirmative and other defenses, including good faith, estoppel, accord and satisfaction, and unclean hands. ECF No. 4 at 5. Discovery then commenced, which included an

exchange of written discovery between the parties, the depositions of the Plaintiff and her two children, and Plaintiff's expert disclosure. The parties then participated in a settlement conference with Magistrate Judge Tommy E. Miller whereat they subsequently reached a settlement agreement. *See* ECF No. 19 at 1-2. The parties consented to jurisdiction by a United States Magistrate Judge, ECF No. 15, and the case was referred to the undersigned by United States District Judge Mark Davis, ECF No. 16. The undersigned then issued an Order on August 10, 2015 directing the parties to submit a Motion for Settlement Approval and supporting evidence, including the proposed settlement agreement, ECF No. 17, which the parties filed on August 21, 2015, ECF Nos. 18 and 19. Following the August 31, 2015 hearing, the matter is now ripe for disposition.

According to the parties' submissions, Rest Inn, Inc. is a Virginia corporation in the business of operating a hotel under the name "Sunset Manor Motel" in Chesapeake, Virginia. Malti and Dilip Patel are the husband and wife owners of the Sunset Manor Motel. Ms. Carr is a former employee of Rest Inn, Inc. who worked at the hotel from December 2011 until April 2014, or approximately two and one-half years. Ms. Carr was the onsite manager for the hotel, performing duties including but not limited to guest registration, responding to guest issues, answering the telephone, and manning the front desk. She was provided a room on the premises in which to live with her two children, as many of her duties were performed outside of normal business hours. Defendants contended that Ms. Carr worked and was paid for thirty-eight hours every two weeks, and therefore was paid all wages to which she was entitled, including free housing. Ms. Carr contended that she worked many more than thirty-eight hours in two weeks, claiming sometimes to have worked as many as twenty hours in a single day. Under the terms of the proposed settlement, Ms. Carr would receive an $80,000 payment, which would compensate

her as if she worked an average of fifty-six hours per week over two years. The proposed settlement also includes a payment of $45,000 for attorneys' fees and costs, for a total payment of $125,000.

After considering the proffers of the parties under the governing parameters of the FLSA, the Court is satisfied that the proposed settlement is fair and reasonable,[1] and accordingly **GRANTS** the Joint Motion for Settlement Approval.

## II. Analysis

All FLSA settlements must be approved either by the United States Department of Labor or the court. *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005), *reinstated on reh'g*, 493 F.3d 454 (4th Cir. 2007), *cert. denied*, 554 U.S. 909 (2008); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Lomascolo v. Parson Brinckerhoff, Inc.*, 1:08cv1310, 2009 WL 3094955, at *8 (E.D. Va. Sept. 28, 2009). Such approval is required for both class actions and individual cases, such as the one here. *See Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09cv58, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010). "A proposed settlement should be approved if it reflects a reasonable compromise over issues actually in dispute." *Galvez v. Americlean Servs. Corp.*, No. 1:11cv1351, 2012 WL 1715689, at *2 (E.D. Va. May 15, 2012). At the settlement hearing, "a court's role is . . . a balancing of likelihoods rather than an actual determination of the facts and law in passing upon whether the proposed settlement is fair, reasonable, and adequate." *Lomascolo*, 2009 WL 3094955, at *10 (citation omitted). "In addition to being fair and reasonable, in order to merit Court approval, the settlement must resolve a bona fide dispute over FLSA provisions." *Id.* at *16.

---

[1] While the settlement agreement references a release given by the Defendants to Plaintiff's son from the obligation to pay any restitution ordered by the Juvenile and Domestic Relations District Court of the City of Chesapeake, at the hearing the Plaintiff's counsel represented that no monetary value was attached to this release for purposes of calculating the sum agreed upon by Ms. Carr to resolve her FLSA claims. Accordingly, the Court does not consider the impact of this release in determining the reasonableness of the proposed settlement.

Factors the court weighs when considering approval of a FLSA settlement include: 1) the extent of discovery that has taken place; 2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; 3) the absence of fraud or collusion in the settlement; 4) the experience of counsel who have represented the plaintiff; 5) the probability of plaintiff's success on the merits; and 6) the amount of settlement in relation to the potential recovery. *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014). Analysis of these factors demonstrates that the proposed settlement is reasonable.

First, written discovery and the depositions of Ms. Carr and her children were accomplished, and according to counsel provide some support for Ms. Carr's claims.

Second, while the settlement has been reached before discovery closes and before expert reports are prepared and exchanged, both parties would necessarily incur significant additional expense were this case to continue in litigation as the parties readied for trial.

Third, there is neither evidence of, nor even a suggestion of, any collusion on the part of the parties. The settlement agreement was reached following a court-sanctioned settlement conference mediated by a Magistrate Judge.

Fourth, Ms. Carr's lead counsel is experienced in FLSA and other employment litigation, having personally handled similar cases in this Court in the past. His opinion and evaluation of the reasonableness of the settlement and his recommendation to his client that she accept it is some evidence of the reasonableness of the settlement. *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 702 (E.D. Mo. 2002).

Fifth, the probability of Ms. Carr's success on the merits of her claim, while not certain, is likely, given the nature of her duties and the requirement that she fulfill them at any and all hours of the day or night. What is decidedly uncertain is the extent to which Ms. Carr might

4

recover. In addition to the uncertainty of the amount of unpaid hours Ms. Carr worked is the fact that her employer provided her with free housing. *See Morrisroe v. Goldsboro Milling Co.*, 884 F. Supp. 192, 194-95 (E.D.N.C. 1994) (holding that an employer may be entitled to a credit against an FLSA award for costs employer expended for housing). Consequently, the size of any award should Ms. Carr succeed at trial is reasonably in question.

The final factor, the amount of settlement in relation to the potential recovery, weighs in favor of approving the settlement. In order to determine whether the settlement agreement is fair, the court must have "some knowledge of the value of the released claims," otherwise, "the fairness of the compromise remains indeterminate." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). Under the FLSA, an employee can recover for unpaid minimum wages and unpaid overtime for a two-year period up to the time the claim is filed. 29 U.S.C. § 255. An employee can also recover a third year of wages if she can demonstrate that the employer's failure to pay wages was willful. *Id.* An employee can also recover a like amount in liquidated damages unless the employer can demonstrate that its failure to pay the wages due under the FLSA was in good faith. 29 U.S.C. §§ 216(b), 260. Ms. Carr worked for her employer for two and one-half years. The amount of settlement would compensate Ms. Carr as if she had worked fifty-six hours per week for a period of two years, plus a like amount in liquidated damages. Consequently, in arriving at the settlement amount, the parties have compromised on both the amount of unpaid hours and the period of time for which such compensation will be provided. Such compromise is reasonable under these circumstances, as the desired settlement fairly reflects the parties' wish to finalize all potential litigation, put an end to the expenditure of attorneys' fees and costs, and therefore end the uncertainty that accompanies all litigation.

Finally, the Court must analyze attorneys' fees in approving the proposed settlement. The FLSA "contemplates that the wronged employee should receive his full wages plus the penalty without incurring any expenses for legal fees or costs." *Poulin,* 2010 WL 1813497, at *1 (quoting *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009)). Therefore, "the FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id.* Here, the proposed settlement provides for payment of $44,099.48 in attorneys' fees and $900.52 for costs. The Court evaluates the reasonableness of attorneys' fees by comparing the requested amount to the lodestar amount, which is defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.,* 549 F.3d 313, 320–21 (4th Cir. 2008). "In deciding what constitutes a 'reasonable' number of hours and rate, [the Fourth Circuit] has instructed that a district court's discretion should be guided by the following twelve factors:"

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009) (citation omitted). In support of her request for attorneys' fees, the Plaintiff proffered counsel's itemized billing statement, which demonstrated that counsel spent 154.5 hours working on her case. ECF No. 19 attach. 2. The billable rate charged by lead counsel was $275 per hour for work performed prior to January 1, 2015, and $310 per hour for work performed after that date. *Id.* The billing

records established that attorney Hendrick incurred most of that time, at 128.25 hours. Work was also performed by attorney Haddad, an experienced senior trial lawyer who spent 18.25 hours on the case, billing at a rate of $500 per hour. The remaining time was divided between attorney Talbert (3 total hours billed at $375 per hour for time spent before January 1, 2015 and $395 per hour for time after January 1, 2015), attorney Rasberry (1 hour at $225 per hour) and paralegals Scott and Ellis (4 hours total billed at $75 per hour). The lodestar figure at the rates requested would result in a total of $49,931.25. Plaintiff's request consequently is less than that to which she would be entitled had she prevailed at trial and submitted a fee request based on the same information.

Given the *Robinson* factors cited above, the Court FINDS that the fee request is fair and reasonable. The two major attorneys who worked on this case are experienced practitioners who achieved a successful result. The rates charged by attorneys Hendrick and Haddad are reasonable based on their experience and competence, and the nature of this FLSA litigation.[2] *See, e.g., Patel*, 15 F. Supp. 2d at 657 (finding that a $204.50 hourly rate was reasonable for an FLSA attorney); *Hargrove v. Ryla Teleservices, Inc.*, No. 2:11cv344, 2013 WL 1897027, at *6 (E.D. Va. April 12, 2013) (finding hourly rates of $250 to $350 reasonable); *Walker v. Dovetails, Inc.*, No. 3:10cv526, 2010 WL 5878336, at *3 (E.D. Va. Nov. 30, 2010) (same). This Court has approved similar fee requests based on comparable recoveries before. *See, e.g., Hargrove*, 2013 WL 1897027, at *7 (approving an attorney fee award of $47,011.97 for a recovery of an amount just over $75,000). Finally, the Defendants do not challenge the amount of the fee requested.

---

[2] Plaintiff provided no information regarding the qualifications or experience of attorneys Talbert and Rasberry. Nonetheless, given the small amount of time they spent on this case, and the fact that the amount sought is almost $6,000 less than the lodestar amount, this lack of proof does not render plaintiff's fee approval request deficient.

Ms. Carr also seeks $900.52 in costs, which include various fees for filing, photocopying, postage, service, research and professional service fees. Defendants do not object, and the Court **FINDS** these costs are reasonable.

Consequently, given the strength of Ms. Carr's claim, the defenses advocated by the Defendants, the uncertainty of damages, consideration of an appropriate attorneys' fees and costs, and the general uncertainty and expense that accompanies all litigation, the Court **FINDS** that the proposed $125,000 settlement is fair and reasonable and in accordance with the purposes of the FLSA.

### III. Conclusion

Accordingly, the Court **GRANTS** the Joint Motion for Settlement Approval, ECF No. 18, and **ORDERS** that this case be **DISMISSED WITH PREJUDICE.** The Court will retain jurisdiction for purposes of enforcing the settlement.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED.**

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
September 3, 2015